## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LORI A. MARTINEZ,

      Plaintiff,

v.                               CASE NO.:

HILLSBOROUGH TRANSIT AUTHORITY
a/k/a HILLSBOROUGH AREA REGIONAL
TRANSIT AUTHORITY,

      Defendant.

_____/

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, LORI A. MARTINEZ ("Plaintiff MARTINEZ" or "Plaintiff") hereby sues the Defendant, HILLSBOROUGH TRANSIT AUTHORITY a/k/a HILLSBOROUGH AREA REGIONAL TRANSIT AUTHORITY ("HART" or "Defendant"), and alleges as follows:

## <u>JURISDICTION, VENUE AND PARTIES</u>

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2.     Venue lies within this judicial district because a substantial part of the events giving rise to this claim arose in this county.

3.     At all times material, Plaintiff MARTINEZ is and was a resident of Hillsborough County, Florida.

4.     At all times material, Defendant, The Hillsborough Transit Authority, operating and also known as Hillsborough Area Regional Transit Authority or HART, is a public-non-profit company duly licensed in the State of Florida, with a principal office located at 4305 E. 21st Avenue, Tampa, FL 33605.

5.      Plaintiff MARTINEZ was an employee of Defendant as defined by the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq*. ("FCRA") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA").

6.      Defendant employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and is an employer within the meaning of the FCRA and ADA.

7.      In or about June 2016, Plaintiff MARTINEZ timely dual filed a written charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8.      Plaintiff MARTINEZ's FCHR charge has been pending with the FCHR for more than 180 days, and the FCHR has not issued a "no cause" finding.  This action is being filed within four years of Defendant's discriminatory actions.

9.      On or about March 5, 2019, the EEOC issued a Notice of Right to Sue (Conciliation Failure), in which the EEOC stated, in pertinent part: "The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the [Defendant] that would provide relief to you."   A copy of the Notice of Right to Sue is attached hereto as Exhibit A.

10.     Previously, on or about November 16, 2018, the EEOC issued a formal Letter of Determination, in which it set forth, *inter alia*, the following findings:

    o   Defendant is an employer within the meaning of the ADA.

    o   "The Commission has determined that the evidence obtained establish a violation of the [ADA] in regard to [Plaintiff]'s claim that [Defendant] failed to

reasonably accommodate her disability."

o  "The Commission further concludes that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent has an inflexible leave policy that discriminates against individuals with disabilities in violation of the [ADA]."

11.  The action is filed within 90 days of the EEOC's issuance of a Notice of Right to Sue.

12.  Plaintiff MARTINEZ has exhausted all of her administrative remedies and has met all conditions precedent to filing this lawsuit.

## GENERAL ALLEGATIONS

13.  Plaintiff was hired by Defendant HART on or about October 2012 as an ADA Eligibility Coordinator.  At the time of the discriminatory acts asserted herein, Plaintiff was working as a Customer Service Manager.

14.  Plaintiff MARTINEZ is a person diagnosed with Major Depressive Disorder, a disability recognized by the DSM-VI.

15.  Plaintiff's Major Depressive Disorder is a disability under the ADA and a handicap under the FCRA because it substantially limits one or more major life activities, including but not limited to concentrating, thinking, communicating and working.

16.  Plaintiff was a qualified individual with a disability/handicap.  She met the requirements of the Customer Service Manager position and could perform the essential functions of the position with or without reasonable accommodation.

17.  Defendant was aware of Plaintiff's disability/handicap and regarded her as having a disability/handicap.

18.     In March 2016, Plaintiff was hospitalized because of her disability. As a result, Plaintiff requested FMLA leave. Plaintiff's doctor provided a return to work date of May 2, 2016.

19.     Plaintiff requested a reasonable accommodation for her disability, including a short period of leave to accommodate her medical treatments.  Defendant HART refused to provide Plaintiff with a reasonable accommodation for her disability, and failed to reasonably accommodate her disability.

20.     Rather than provide reasonable accommodations, on or about April 21, 2016, Defendant HART terminated Plaintiff's employment.

21.     Defendant HART also refused to engage in an interactive dialogue to determine a reasonable accommodation.

23.     Prior to putting Defendant on notice of her disability, she was permitted to work from home and work a flexible work schedule.  After Defendant learned of her disability, Defendant stopped permitting Plaintiff to work from home or work a flexible work schedule, thereby further failing to reasonably accommodate her disability and demonstrating that such an accommodation would not impose an undue burden.

24.     Defendant has an inflexible leave policy that discriminates against individuals with disabilities in violation of the ADA and FCRA.

25.     None of the Plaintiff's requests for accommodation could be construed as requiring Defendant HART to remove an essential function or creating an "undue hardship" on the Defendant HART.

26.     Defendant's violations of the ADA and FCRA were knowing, willful and in reckless disregard of Plaintiff MARTINEZ's rights.

27.    Plaintiff MARTINEZ has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

**COUNT I**
**FAILURE TO ACCOMMODATE**
**IN VIOLATION OF THE ADA**

28.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 27 as if fully restated herein.

29.    Plaintiff is a qualified individual with a disability as recognized by the ADA. Plaintiff could satisfy the requisite skill, experience, education and other job-related requirements and could perform the essential functions of a position with or without reasonable accommodation.

30.    Plaintiff submitted requests for accommodation of her disability, including verbally and in writing, each of which was denied.

31.    Defendant HART rejected Plaintiff's requests for a reasonable accommodation of her disability.

32.    Defendant HART failed to engage in an interactive dialogue to determine a reasonable accommodation.

33.    The afore-stated actions of Defendant HART constitute unlawful disability discrimination under the ADA.

34.    Plaintiff has suffered damages for lost wages, lost benefits, emotional distress, insecurity, embarrassment, depression and other damages as a result of this unlawful conduct.

35.    Defendant HART has conducted itself intentionally, deliberately, willfully,

and in callous and reckless disregard of the rights of Plaintiff.

36.    By reason of Defendant HART's discrimination, Plaintiff is entitled to all legal and equitable remedies, including attorneys' fees and costs, available under the ADA.

37.    Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT II**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF THE ADA**

38.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 27 as if fully restated herein.

39.    Plaintiff is a qualified individual with a disability as recognized by the ADA. Plaintiff could satisfy the requisite skill, experience, education and other job-related requirements and could perform the essential functions of a position with or without reasonable accommodation.

40.    Defendant HART terminated Plaintiff's employment because she had a disability.

41.    The afore-stated actions constitute unlawful disability discrimination under the ADA.

42.    There are no legitimate, non-retaliatory reasons for the afore-stated discrimination.

43.    No similarly-situated employees who were not disabled were subjected to similar adverse employment actions.

44.    Plaintiff has suffered damages for lost wages, lost benefits, emotional distress, insecurity, embarrassment, depression and other damages as a result of this unlawful conduct.

45.     Defendant HART has conducted itself intentionally, deliberately, willfully, and in callous and reckless disregard of the rights of Plaintiff.

46.     By reason of Defendant HART's discrimination, Plaintiff is entitled to all legal and equitable remedies, including attorneys' fees and costs, available under the ADA.

47.     Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT III**
**RETALIATION IN VIOLATION OF THE ADA**

48.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 27 as if fully restated herein.

49.     Plaintiff engaged in statutorily protected activity under the ADA by requesting a reasonable accommodation and by complaining about disability discrimination.

50.     Defendant HART subjected Plaintiff to an adverse employment action by terminating her employment because of her statutorily protected activity.

51.     There are no legitimate, non-retaliatory reasons for Plaintiff's termination.

52.     No similarly-situated employees who did not engage in statutorily protected activity were subjected to similar adverse employment actions.

53.     The above-described conduct constitutes retaliation in violation of the ADA.

54.     Plaintiff has suffered damages for lost wages, lost benefits, emotional distress, insecurity, embarrassment, depression and other damages as a result of this unlawful conduct.

55.     Defendant HART has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of Plaintiff.

56.     By reason of Defendant HART's retaliation, Plaintiff is entitled to all legal

and equitable remedies, including attorneys' fees and costs, available under the ADA.

57.    Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT IV**
**FAILURE TO ACCOMMODATE**
**IN VIOLATION OF THE FCRA**

58.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 27 as if fully restated herein.

59.    Plaintiff is a qualified individual with a handicap as recognized by the FCRA. Plaintiff could satisfy the requisite skill, experience, education and other job-related requirements and could perform the essential functions of a position with or without reasonable accommodation.

60.    Plaintiff submitted requests for accommodation of her handicap, including verbally and in writing, each of which was denied.

61.    Defendant HART rejected Plaintiff's requests for a reasonable accommodation of her handicap.

62.    Defendant HART failed to engage in an interactive dialogue to determine a reasonable accommodation.

63.    The afore-stated actions of Defendant HART constitute unlawful handicap discrimination under the FCRA.

64.    Plaintiff has suffered damages for lost wages, lost benefits, emotional distress, insecurity, embarrassment, depression and other damages as a result of this unlawful conduct.

65.    Defendant HART has conducted itself intentionally, deliberately, willfully, and in callous and reckless disregard of the rights of Plaintiff.

66.     By reason of Defendant HART's discrimination, Plaintiff is entitled to all legal and equitable remedies, including attorneys' fees and costs, available under the FCRA.

67.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT V
## HANDICAP DISCRIMINATION
## IN VIOLATION OF THE FCRA

68.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 27 as if fully restated herein.

69.     Plaintiff is a qualified individual with a handicap as recognized by the ADA. Plaintiff could satisfy the requisite skill, experience, education and other job-related requirements and could perform the essential functions of a position with or without reasonable accommodation.

70.     Defendant HART terminated Plaintiff's employment because she had a handicap.

71.     The afore-stated actions constitute unlawful handicap discrimination under the FCRA.

72.     There are no legitimate, non-retaliatory reasons for the afore-stated discrimination.

73.     No similarly-situated employees who were not handicapped were subjected to similar adverse employment actions.

74.     Plaintiff has suffered damages for lost wages, lost benefits, emotional distress, insecurity, embarrassment, depression and other damages as a result of this unlawful conduct.

75.     Defendant HART has conducted itself intentionally, deliberately, willfully,

and in callous and reckless disregard of the rights of Plaintiff.

76.    By reason of Defendant HART's discrimination, Plaintiff is entitled to all legal and equitable remedies, including attorneys' fees and costs, available under the FCRA.

77.    Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VI
## RETALIATION IN VIOLATION OF THE FCRA

78.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 27 as if fully restated herein.

79.    Plaintiff engaged in statutorily protected activity under the FCRA by requesting a reasonable accommodation and by complaining about handicap discrimination.

80.    Defendant HART subjected Plaintiff to an adverse employment action by terminating her employment because of her statutorily protected activity.

81.    There are no legitimate, non-retaliatory reasons for Plaintiff's termination.

82.    No similarly-situated employees who did not engage in statutorily protected activity were subjected to similar adverse employment actions.

83.    The above-described conduct constitutes retaliation in violation of the FCRA.

84.    Plaintiff has suffered damages for lost wages, lost benefits, emotional distress, insecurity, embarrassment, depression and other damages as a result of this unlawful conduct.

85.    Defendant HART has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of Plaintiff.

86.    By reason of Defendant HART's retaliation, Plaintiff is entitled to all legal

and equitable remedies, including attorneys' fees and costs, available under the FCRA.

87.     Plaintiff requests relief as described in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARTINEZ requests that this Court:

1.      Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate the ADA and FCRA;

2.      Grant all injunctive relief necessary to bring Defendant into compliance with the ADA and FCRA;

3.      Order Defendant to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff MARTINEZ by reason of Defendant's unlawful actions, in amounts to be proven at trial;

4.      Order Defendant to pay compensatory damages for Plaintiff MARTINEZ's emotional pain and suffering, in an amount to be proven at trial;

5.      Order Defendant to pay attorneys' fees and costs of the action;

6.      Order Defendant to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

7.      Grant any further relief that the Court deems just and proper.

Plaintiff demands a jury trial on all counts so triable.

Dated this 17th day of May, 2019.

Respectfully submitted,
**WHITTEL & MELTON, LLC**
*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
William J. Sheslow, Esq.
Florida Bar No.: 92042
11020 Northcliffe Boulevard

Spring Hill, Florida 34608
Telephone: (352)683-2016
Facsimile: (352) 600-7533
Lechnerj@theFLlawfirm.com
Will@theFLlawfirm.com
Pleadings@theFLlawfirm.com
Nichole@theFLlawfirm.com
Pls@theFLlawfirm.com
*Attorneys for Plaintiff*